**TAGGED OPINION**



**ORDERED in the Southern District of Florida on January 29, 2007.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                    Chapter 11

PSN USA, INC.,                                  Case No. 02-11913-BKC-AJC

    Debtor.
_____/

**OPINION AND ORDER DENYING NOB'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO F.R.B.P. 9011, 11 U.S.C.§ 105 AND FRBP 7056**

THIS MATTER came before the Court for hearing on January 10, 2006 upon *NOB's Motion For Attorneys' Fees* (C.P.# 763), as well as *Dan Fair's, Liquidating Trustee, Response To NOB's Motion For Attorney's Fees and Motion For Fees Pursuant to 11 U.S.C. §105* (C.P.# 777) and *NOB's Reply Memorandum In Support of Motion For Attorneys' Fees* (C.P.# 783). The Court has also reviewed the court record, and takes judicial notice of same. Based upon the record before the Court, the Court enters this order and opinion denying NOB's request for attorneys' fees as sanctions.

1

**BACKGROUND**

1. On March 1, 2002 ("Petition Date") PSN USA, INC., ("PSN" or the "Debtor") filed a Chapter 11 Proceeding in this Court.

2. On December 24, 2002, the Bankruptcy Court entered an Order Confirming the Amended Plan of Liquidation (the "Confirmation Order") which provided, among other things, for the creation of the PSN USA, Inc. Liquidating Trust and the appointment of a Liquidating Trustee to administer the PSN USA, Inc. Liquidating Trust.

3. On December 24, 2002, the Court entered an Order Approving Dan Fair as the Liquidating Trustee of the PSN USA, Inc. Liquidating Trust (the "Trustee").

4. The Amended Joint Plan of Liquidation, as approved by the Confirmation Order, authorizes the Liquidating Trustee to evaluate and pursue all avoidance actions held by the Debtor, including, but not limited to, claims which may arise under 11 U.S.C. Sections 544, 546, 547, 548, 549 and 550, and to pursue claim objections.

5. On November 20, 2002, the Debtor filed an objection to claim number 77 filed by NOB Corp. A.V.V. ("NOB") for Ten Million Two Hundred and Thirty One Thousand Five Hundred and Twelve 15/100 Dollars ($10,231,512.15) asserting, *inter alia*, that the basis for Claim No. 77 filed by NOB arose from a contractual relationship for television broadcasting rights (the "Agreement") between NOB and the Debtor's parent, PSNI.[1]  According to the Debtor's objection, as PSNI, rather than the Debtor, was indebted to NOB, Claim No. 77 should be stricken and disallowed in its entirety.

6. In summary, the Debtor's objection was premised upon the contention that the contracting party defined in the Agreement as 'Pan American Sports Network with domicile at 380 Madison Avenue, New York, N.Y.' could only mean PSNI, the Debtor's parent, whose

---

[1] The Trustee subsequently adopted the Debtor's objection.

2

bankruptcy proceeding is pending in the Cayman Islands. The Debtor's objection was based *inter alia* on the belief that PSN never operated from New York but broadcast from a studio facility out of Miami Florida; and, the undisputed fact that all monies paid to NOB under the Agreement came from PSNI, and not from the Debtor. Accordingly, the Debtor objected on the basis that NOB was not a proper creditor of the Debtor, but rather a creditor of PSNI.  Once the Plan was confirmed, the Trustee took over prosecution of the claim objection.

7. NOB filed a Motion for Summary Judgment on the Debtor's objection to Claim No. 77, and the Trustee filed a Response in opposition.  The Trustee further filed an affidavit in support of his Response to NOB's Motion for Summary Judgment of Claim No. 77 (C.P.# 660).

8. In the affidavit, the Trustee affirmed *inter alia* that, based on his personal knowledge as an employee of the Debtor and the documents in his possession, that PSN operated, *i.e*. broadcasted, out of Florida and kept its books and records in Florida. Notwithstanding the Trustee's representations, the Debtor had filed a 2001 tax return which identified the Debtor's address as 380 Madison Avenue.  Thus, while the Trustee contended that PSN exclusively *broadcasted* out of Florida and its primary business operations were conducted from Florida while the Trustee was employed by the Debtor, there was a time period during which the Debtor apparently conducted business at the 380 Madison Avenue address. However, the objection to NOB's claim did not solely rest on the allegation that the Debtor never did business at the 380 Madison Avenue address; the Trustee pursued the objection to NOB's claim premised upon certain other agreed and/or undisputed facts, including:

       a. All monies paid under the Agreement were made by PSNI[2].

       b. The third party beneficiaries to the subject Agreement, MultiCanal and ARTEAR, were proceeding in the Cayman Islands against the parent company, PSNI, and not against the Debtor.[3]

---

[2] See C.P.# 697, pretrial order, stipulation 1.A.(bb).

3

      c.  MultiCanal had entered into a settlement with the PSNI Trustee under the Agreement.[4]

      d.  The subject matter of the Agreement, *i.e.,* the acquisition of broadcasting rights between NOB, MultiCanal and the party identified in the contract as "Pan American Sports Network with domicile at 380 Madison Avenue", was not within the Debtor's business practice or model. The Debtor was a television network and was not itself in the business of acquiring programming rights.[5]

      e.  Other bank statements, tax returns and correspondence reflected that the parent company, PSNI, was also located at 380 Madison Avenue.[6]

      f.  Other documentation, including more recent tax returns, evidenced the Debtor's address as being South Florida.[7]

10.    NOB's Motion for Summary Judgment was heard on January 18, 2005 and summarily denied by Visiting Judge Lessen (C.P.# 671). In denying NOB's motion, Visiting Judge Lessen stated that he believes there were "factual issues here, and you're not going to persuade me to change my mind."[8] The Court did not specify what factual issues remained, and did not specifically reference or mention the affidavit by the Trustee. From the pretrial order at C.P. # 697, it appears that there remained a number of contested issues of law and fact, any one of which alone would have been a sufficient basis for Judge Lessen to deny NOB's summary judgment motion. Additionally, there was no finding by the Court that the subject affidavit was made in bad faith, either at the Summary Judgment hearing, or in the Court's subsequent order on the trial.

---

[3] See C.P.# 664, Reply Declaration of Edward Griffith in Support of NOB's Motion for Summary Judgment.
[4] See C.P.# 697, pretrial order 2.B.(c).
[5] See C.P.# 697, pretrial order 1.A.(v).
[6] See C.P.# 696, Exhibit Register
[7] See C.P.# 696, Exhibit Register
[8] See Transcript, Page 3, lines 10-11; 21-24, Motion for Summary Judgment heard on January 19, 2005.

4

11.     After the hearing on the Summary Judgment motion, on February 4, 2005, both NOB and the Trustee engaged in additional discovery.  During this phase of the discovery process, the Trustee came to withdraw his affidavit prior to the trial on NOB's claim, even though the summary judgment pleadings were not designated as part of the record for trial (C.P.# 691).

12.     Visiting Judge Lessen issued his Findings of Fact and Conclusions of Law, finding for NOB, on October 31, 2005.[9]

## ANALYSIS

The purpose of Rule 11 is to discourage attorneys from bringing frivolous court actions or filing similar pleadings.  *See Baker v. Urban Outfitters, Inc.*, 254 F. Supp.2d 346, 360 (S.D.N.Y. 2003).  Because Rule 11 and 9011 "are not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986), courts "have interpreted [the Rules'] language to prescribe sanctions, including fees, only in the 'exceptional circumstance,' where a claim or motion is patently unmeritorious or frivolous."  *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988); *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986).

An objective standard of reasonableness applies to determinations of frivolousness.  *See Woodrum v. Woodward County, OK*, 866 F.2d 1121, 1127 (9th Cir. 1989).  The key question in assessing frivolousness is whether a complaint states an arguable claim - - not whether the pleader is correct in his perception of the law or facts.  *See Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450, 453 (9th Cir. 1987).

---

[9] That judgment was affirmed on appeal to the District Court.

Merely because a party and his counsel may be mistaken as to the law or ultimately determined facts does not mean that the mistake was unreasonable. *See Smith Intern., Inc. v. Texas Commerce Bank*, 844 F.2d 1193, 1199 (5th Cir. 1988). Rule 11 does not make the signature on a pleading or other covered document an absolute guarantee as to the correctness of the theory of law on which it has been grounded, but only that 'reasonable inquiry' has been made in that respect. Moreover, Rule 11 allows for a good faith argument for the extension, modification, or reversal of existing law. *Id*.

13. Here, the Trustee signed and filed the affidavit in support of the response to NOB's motion for summary judgment. After further discovery, it appears the Trustee was persuaded that the averments in the affidavit may not be so with respect to the address of the Debtor, and the Trustee consequently withdrew the affidavit. Once withdrawn, Judge Lessen proceeded to trial anyway, indicating to this Court that there were other issues of fact and law to be tried, other than the specific contentions contained in the affidavit that was withdrawn by the Trustee. Furthermore, the Court questions the applicability of Rule 9011 to the circumstances herein in the first instance, as violations of subsection (b), upon which sanctions are premised, appear to subject only attorneys or unrepresented parties to the imposition of sanctions. The Trustee in this case in neither an attorney nor an unrepresented party.

The Court similarly does not believe sanctions in the form of attorney's fees are appropriate under Section 105 of the Bankruptcy Code. As the Eleventh Circuit has observed, "Because of their very potency, inherent powers must be exercised with restraint and discretion." *See In re Jove Engineering, Inc. V. Internal Revenue Service*, 92 F.3d 1539 (11th Cir. 1996). From the record, it does not appear to the Court that the actions of the Trustee or his counsel rose to the level of unreasonableness and vexatiousness necessary to establish sanctionable behavior,

6

the standard required for an award of sanctions under Section 105. *See Liquidating Grantor's Trust Of Proteva Inc. V. Finova Capital (In re: Proteva, Inc. and Proteva Marketing Group, Inc.),* 271 B.R. 569 (Bankr. N.D. Ill 2001).

Finally, at this juncture, the Court will deny without prejudice the request for a sanction in the form of an attorneys' fee award under FRBP 7056(g). Rule 7056(g) provides that:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

14. There is absent from the record any finding that the Trustee's affidavit was made in bad faith. At the evidentiary hearing currently scheduled for February 15, 2007 on NOB's motion(s) to remove the Trustee and disgorge fees, NOB may renew its motion under FRBP 7056 upon the presentation of evidence.

## **CONCLUSION**

At the hearing on the instant motion, NOB's counsel stated that he was relying upon Rule 9011, Section 105 of the Bankruptcy Code, and FRBP 7056(g) for the imposition of sanctions in form of an award of attorneys' fees.[10] Indeed, these statutory sections and rules provide this Court with a number of different tools to ensure that litigants before it conduct themselves professionally and ethically. Notwithstanding the availability of these tools, NOB's motion, and the record as a whole, does not support a finding of vexatious and multiple filings by the Trustee that warrant or justify the imposition of sanctions. Accordingly, it is

**ORDERED AND ADJUDGED** that *NOB's Motion for Attorneys' Fees* (C.P.# 763) is

---

[10] See Transcript, Page 7, Lines 8-25; Page 8, Lines 16-25.

    DENIED.

###

Copies furnished to:

Edward Griffith
Counsel to Creditor NOB Corp. A.V.V.
BOLATTI & GRIFFITH
45 Broadway, Suite 2200
New York, New York 10006
(212) 363-3784
(212) 363-3790 (fax)

[Attorney Edward Griffith is directed to serve a conformed copy of this Order to all interested parties immediately upon receipt and shall file a certificate of service with the Clerk.]