Ordered in the Southern District of Florida on June 16, 2008



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

PSN USA, INC.,

    Debtor.    /

Case No.:  02-11913-AJC

Chapter 11

## ORDER REGARDING
## NOB'S MOTIONS FOR SANCTIONS

At the May 21, 2008 hearing, creditor NOB Corp. A.V.V. ("NOB") requested a status conference to set a briefing schedule and hearing to resolve the issue of whether Trustee Dan Fair and his counsel, Kluger Peretz Kaplan & Berlin ("KPKB"), pursued the objection to NOB's claim in bad faith. NOB observed that the Court's Partial Findings of Fact and Conclusions of Law, issued on June 8, 2007, provides:

> The issue of whether the objection to the NOB claim was in bad faith will not be decided at this time. The Court will await the report of the Examiner and thereafter consider this issue further, after all interested parties have had an opportunity to be heard.

Partial Findings of Fact and Conclusions of Law (CP 1041) at 2. Since the Examiner filed his final report on March 30, 2008, NOB asserts that it is now appropriate for the Court to resolve this issue.

KPKB objected to NOB's request, asserting that there is no need to resolve the bad faith issue because NOB is foreclosed from pursuing any claim for sanctions against Mr. Fair or KPKB by virtue of (i) this Court's January 29, 2007 Order (CP 984), which denied NOB's original Motion for Attorneys Fees (CP 763); and (ii) the district court's November 16, 2006 Order, which denied NOB's motion pursuant to FRBP 8020 for costs and fees incurred in Mr. Fair's appeal of this Court's October 31, 2005 decision denying Mr. Fair's objection to NOB's claim (CP 753).

KPKB is mistaken that either this Court's January 29, 2007 Order or the district court's November 16, 2006 Order forecloses NOB from pursuing its claim for sanctions against Mr. Fair and KPKB. On the contrary, the Court's January 29, 2007 Order expressly reserves for later resolution the issue of whether Mr. Fair and KPKB acted in bad faith by presenting Mr. Fair's affidavit in opposition to NOB's motion for summary judgment, which would thereby entitle NOB to sanctions under FRBP 7056(g):

> *[A]t this juncture*, the Court will deny *without prejudice* the request for a sanction in the form of an attorneys' fee award under FRBP 7056(g) . . . At the evidentiary hearing currently scheduled for February 15, 2007 on NOB's motion(s) to remove the Trustee and disgorge fees, *NOB may renew its motion under FRBP 7056 upon the presentation of evidence*.

Order dated January 29, 2007 (CP 984) at ¶¶ 13-14 (emphasis added).

At the conclusion of the evidentiary hearing, which took place on February 15, 2007 and March 30, 2007, the Court directed, *inter alia*, that an Examiner be appointed to investigate and report on the financial harm that Mr. Fair caused to the Trust. *See* Transcript of March 30, 2007 hearing (CP 1032) at 466:20-21. The Court also determined, *sua sponte*, to reserve the question of bad faith until after the Examiner filed his report:

> At such time as the [Examiner's] report is filed, *the Court will attempt, at that time, to rule on . . . whether or not the objection to the NOB claim was in bad faith.*

*Id.* at 469:17-20 (emphasis added); *see also* Partial Findings of Fact and Conclusions of Law (CP 1041) at 2 (same).

Since the Examiner filed his final report on March 30, 2008, NOB's request for a status conference to set a briefing schedule and hearing to resolve the bad faith issue was appropriate and consistent with this Court's prior rulings, including the January 29, 2007 Order, the Court's verbal findings after the March 30, 2007 hearing and the June 8, 2007 Partial Findings of Fact and Conclusions of Law.

KPKB is also mistaken that the district court's November 16, 2006 Order precludes this Court from considering whether Mr. Fair and KPKB pursued the objection to NOB's claim in bad faith. In denying NOB's Rule 8020 motion to recover costs and fees incurred on appeal, the district court's November 16, 2006 Order determines that "while Mr. Fair's arguments *on appeal* were not persuasive or particularly strong, they were not frivolous." *See* District Court Order dated November 16, 2006, *Fair v. NOB*, Case No. 06-20020 (DE 39) (emphasis added).

The issue of whether Mr. Fair and KPKB prosecuted the objection to NOB's claim in bad faith *before this Court*, including whether or not Mr. Fair and KPKB presented Mr. Fair's affidavit in bad faith, was not before the district court and the November 16, 2006 Order does not address that issue. On the contrary, in a subsequent order denying NOB's motion for rehearing, the district court acknowledged that denial of NOB's Rule 8020 motion was based solely on the issues raised on Mr. Fair's appeal and

-3-

does not preclude this Court from considering whether the parties' conduct should be sanctioned:

> [I]t is clear that this appeal is a small piece of contentious and ongoing litigation between the parties in the bankruptcy court, and that *any issues regarding sanctions are best resolved by the bankruptcy court.*

District Court Order dated February 6, 2007 (DE 51) at 3 (emphasis added).[1]

Finally, NOB has recently moved for sanctions based on Mr. Fair's and KPKB's administration of the Trust, including their litigation with NOB after the Court's October 31, 2005 decision allowing NOB's claim. That motion (CP 1159) alleges that Mr. Fair and the Trustee administered the Trust in bad faith, in violation of the key provisions of the Plan and in breach of their fiduciary duties. The motion also alleges that after NOB's claim was allowed, Mr. Fair and KPKB engaged in a variety of bad faith litigation tactics in an attempt to conceal their mismanagement of the Trust and/or to avoid the consequences of their misconduct. Thus, even if NOB were precluded from litigating whether the objection to NOB's claim was in bad faith, which this Court does not believe they are so precluded, there is no reason why NOB would be precluded from seeking sanctions against Mr. Fair and KPKB for their administration of the Trust and their litigation with NOB after NOB's claim was allowed.

Accordingly, this Court shall consider NOB's motions for sanctions, including

(i)  the remaining issue raised by NOB's original Motion for Attorneys' Fees (CP 763), to wit, whether pursuant to

---

[1] The district court's February 6, 2007 Order also acknowledges that some of Mr. Fair's arguments on appeal were frivolous, although the district court chose to exercise its discretion under FRBP 8020 not to award sanctions for those frivolous arguments. *See* District Court Order dated February 6, 2007 at 2 ("Mr. Fair, through KPKB, certainly makes some frivolous arguments in his appeal.") and 3 ("even if the appeal was frivolous or filed in bad faith, I exercise my discretion to deny an award of sanctions").

-5-

FRBP 7056(g), Mr. Fair and KPKB acted in bad faith by presenting Mr. Fair's affidavit in opposition to NOB's motion for summary judgment; and

(ii) NOB's recent motion for sanctions (CP 1159), which raises the issue of whether Mr. Fair and KPKB administered the Trust in bad faith and engaged in bad faith litigation after the Court's October 31, 2005 decision allowing NOB's claim.

A status conference shall take place on *July 14, 2008* at *2:30* a.m./ p.m. at the Claude Pepper Federal Bldg., 51 SW First Avenue, Room 1410, Miami, Florida 33130.

### 

Copies to:
Edward Griffith, Esq., eg@bolattigriffith.com

(Attorney Griffith is directed to serve a conformed copy of this Order upon all interested parties and file a certificate of service.)